IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BETTY DENNIS                                                                                    PLAINTIFF

vs.                                           Civil No. 4:13-cv-04041

CAROLYN COLVIN                                                                            DEFENDANT
Commissioner, Social Security Administration


### MEMORANDUM OPINION

Betty Dennis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff's application for SSI was filed on May 10, 2010.  (Tr. 12, 111-115).  Plaintiff alleged she was disabled due to learning disability, seizures, and depression.  (Tr. 129).  Plaintiff alleged an onset date of March 12, 2008.  (Tr. 129).  This application was denied initially and again upon reconsideration.  (Tr. 12).  Thereafter, Plaintiff requested an administrative hearing on her application and this hearing request was granted.  (Tr. 54).

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

Plaintiff's administrative hearing was held on February 1, 2012. (Tr. 26-42). Plaintiff was present and was represented by counsel, Stephanie Wallace, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Phunda Pennington Yarbrough testified at this hearing. *Id.* At the time of this hearing, Plaintiff was nineteen (19) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education and CNA degree. (Tr. 30).

On February 22, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 12-20). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 10, 2010. (Tr. 14, Finding 1). The ALJ also determined Plaintiff had the severe impairments of bipolar disorder, depression, borderline intelligence, and post-traumatic stress disorder. (Tr. 14, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 16-19). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the full range of work at all exertional levels, but with nonexertional limitations that included she could apply commonsense understanding to carry out detailed but uninvolved written or oral instructions; could deal with problems involving a few concrete variables in or from standardized situations; and should avoid unprotected heights, operation of motor vehicles, and dangerous moving machinery. (Tr. 16, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 19, Finding 5). The ALJ found Plaintiff unable to perform her PRW as a nurse's assistant. *Id.* The ALJ, however, also

determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 19-20, Finding 9). The VE testified at the administrative hearing regarding this issue. (Tr. 38-42). Based upon that testimony, the ALJ determined Plaintiff retained the ability to perform other work such as a marker with 13,496 such jobs in Arkansas and 1,056,734 such jobs in the nation, and housekeeping with 3,805 such jobs in Arkansas and 414,960 such jobs in the nation. (Tr. 20). Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act since May 10, 2010. (Tr. 20, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 8). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On April 16, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 17, 2013. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 12, 13. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met a Listing, (B) in determining the Plaintiff's RFC, and (C) in assessing Plaintiff's credibility. ECF No. 12, Pgs. 12-18. In response, the Defendant argues the ALJ did not err in any of her findings. ECF No. 13.

#### A. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included bipolar disorder, depression, borderline intelligence, and post-traumatic stress disorder. (Tr. 14, Finding 2). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues she meets a Listing under Section 12.05C for mental retardation. ECF No. 12, Pgs. 12-14. Defendant argues Plaintiff has failed to establish she meets this Listing. ECF No.

12, Pgs. 5-10.

> An impairment found under Listing 12.05C for mental retardation requires a showing of:
>
> > 12.05 Mental Retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
> >
> > The required level of severity is met when the requirements of C are satisfied.
> >
> > C. A valid verbal, performance, or full scale IQ of 60 through 70, and a physical or other mental impairment imposing an additional and significant work-related limitation of function.
>
> 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05C.

In this matter, Plaintiff has failed to establish she suffers from mental retardation. To begin with, Plaintiff had been diagnosed with borderline intellectual functioning, and not mental retardation. (Tr. 197, 217, 376-377, 630). Also, substantial evidence indicates Plaintiff did not have the requisite IQ scores of 60 to 70. Intelligence testing in 2002 revealed a verbal IQ of 81, a performance IQ of 74, and a full scale IQ of 76. (Tr. 197). Intelligence testing in 2004 also showed a verbal IQ of 81, a performance IQ of 74, and a full scale IQ of 81. (Tr. 630). Further, although testing in 2009 found a full scale IQ of 67 (Tr. 216), Dr. Charles Spellmann, who performed the testing, did not believe Plaintiff was mentally retarded. (Tr. 217). Dr. Spellmann indicated Plaintiff handled herself well in conversation, was insightful and he assessed Plaintiff's intellectual ability as at least within the borderline range and possibly higher. *Id.*

Additionally, on July 12, 2010, Dr. Christal Janssen, completed a Psychiatric Review Technique form and found Plaintiff did not meet or equal a mental listing, including Listing 12.05C. (Tr. 394-407). Dr. Janssen assessed Plaintiff as having mild limitations in activities of daily living;

moderate limitations in social functioning; moderate limitations in concentration, persistence, or pace; and no episodes of decompensation of extended duration. (Tr. 404).

I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.§ 12.05C.

### B. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform the full range of work at all exertional levels, but with nonexertional limitations that included Plaintiff could apply

commonsense understanding to carry out detailed but uninvolved written or oral instructions; could deal with problems involving a few concrete variables in or from standardized situations; and should avoid unprotected heights, operation of motor vehicles, and dangerous moving machinery. (Tr. 16, Finding 4). Plaintiff argues the ALJ erred in this RFC determination and it is not supported by substantial evidence ECF No. 12, Pgs. 14-16. However, substantial evidence does support the ALJ's RFC determination.

The medical evidence supports the ALJ's RFC determination. To begin with, two mental evaluations support the ALJ's mental RFC finding as discussed in her opinion. (Tr. 17-19). On January 13, 2009, Dr. Charles Spellmann evaluated Plaintiff. (Tr. 215-217). Dr. Spellmann indicated Plaintiff handled herself well in conversation, was insightful, and her intellectual ability was as at least within the borderline range and possibly higher. (Tr. 217). He assessed Plaintiff as having all of the basic skills for adaptive functioning; could perform most of her activities of daily living autonomously; could communicate and interact in a socially adequate manner; could communicate in an effective and intelligible manner; displayed good persistence; could cope with the cognitive demands of many work like tasks; could complete many tasks within an acceptable time frame; and could sustain concentration with medication. *Id.*

On June 15, 2010, Plaintiff was evaluated by Dr. Dennis Vowell. (Tr. 374-378). Dr. Vowell stated Plaintiff's social interaction and communication skills were adequate; she sustained a reasonable degree of cognitive efficiency; her persistence was adequate; she was able to perform tasks within an acceptable time frame; and she exhibited only mild difficulty sustaining concentration and attention. (Tr. 377).

Plaintiff also received therapy and medication treatment at Mid-South Health Systems from

June 2011 through November 2011. (Tr. 471-483, 519-522). Plaintiff was ordered for a mental health evaluation related to her divorce and child custody proceeding. (Tr. 478-479, 482). The mental status examination showed Plaintiff to be depressed with a flat affect, but she was cooperative; there was no evidence of a thought disorder; she denied hallucinations; her speech was clear; and she was of average intelligence. (Tr. 481). Additional notes indicate Plaintiff had been studying for a driver's test so she could get her license, returned to high school and graduated in May 2011. (Tr. 472, 475, 478-479). In September 2011, counseling notes show Plaintiff was taking CNA classes, helping care for her terminally ill grandfather, and doing well overall. (Tr. 521). Finally at the February 1, 2012 hearing, Plaintiff testified she was working 20 to 40 hours a week as a nurse's aide, had custody of her chid and was living on her own. (Tr. 31-32, 34).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination finding Plaintiff capable of performing the full range of work at all exertional levels with certain nonexertional limits. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C. ALJ's Credibility Determination

Plaintiff also claims the ALJ erred in her credibility determination. ECF No. 12, Pages 15-16. In response, Defendant argues that the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 13, Pages 18-20.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529

and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.  *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

Plaintiff argues the ALJ erred in assessing her credibility and did not fully consider her subjective complaints as required by *Polaski*. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In her opinion, the ALJ addressed the factors from *Polaski* and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 16-18). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) Plaintiff responded well and her condition improved with medication, and (5) Plaintiff testified that since filing her application, she had graduated from high school, attended CNA classes and started working as a nurses's aid. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **3rd day of June 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE